01

02

03

04

05

06                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08  DAMION NATHANIEL BROMFIELD,          )   CASE NO. C06-0757-JCC
                                         )
09              Petitioner,              )
                                         )
10       v.                              )
                                         )   REPORT AND RECOMMENDATION
11  A. NEIL CLARK, et al.,               )
                                         )
12              Respondents.             )
    _____ )
13

14                   I.  INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner Damion Nathaniel Bromfield is a native and citizen of Jamaica who is currently

16  in the custody of the U.S. Immigration and Customs Enforcement ("ICE").  On May 31, 2006,

17  he filed, pro se, a Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241, which challenges the

18  lawfulness of his continued detention without bond pursuant to the mandatory detention provision

19  of the Immigration and Nationality Act ("INA"), INA § 236(c), 8 U.S.C. § 1226(c).  (Dkt. #6).

20  Respondents have moved to dismiss, arguing that petitioner is lawfully detained *not* under INA

21  § 236(c), but under INA § 241(a)(1)(C), which allows for continued detention at the discretion

22  of the Attorney General after an administratively final order of removal.   (Dkt. #16).

REPORT AND RECOMMENDATION
PAGE -1

01  Alternatively, respondents contend that even if INA § 236 governs, petitioner is not eligible for

02  release because his detention is mandatory under INA § 236(c).

03      Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

04  (Dkt. #6) be GRANTED and that respondents' cross-motion to dismiss (Dkt. #16) be DENIED.

05                          II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

06      Petitioner is a native and citizen of Jamaica. (Dkt. #18 at L3, L6).  On September 3, 1993,

07  he was admitted to the United States at Miami, Florida, as a Lawful Permanent Resident ("LPR").

08  (Dkt. #18 at L13).

09      On June 21, 2004, petitioner was convicted in the Circuit Court of the State of Oregon for

10  the County of Washington for the offense of Sexual Abuse in the Third Degree in violation of

11  Oregon Revised Statute ("ORS") 163.415, Contributing to the Sexual Delinquency of a Minor in

12  violation of ORS 163.435, and Theft in the First Degree in violation of ORS 164.055.  (Dkt. #18

13  at L62-65).

14      On February 8, 2005, ICE issued a Notice to Appear, placing petitioner in removal

15  proceedings and charging petitioner as removable under INA § 237(a)(2)(A)(iii), for having been

16  convicted of an aggravated felony as defined by INA § 101(a)(43)(A), relating to sexual abuse of

17  a minor.  (Dkt. #18 at L17-18).  On February 9, 2005, petitioner filed an Application for Asylum

18  and for Withholding of Removal, claiming that he feared persecution if forced to return to Jamaica

19  on account of his sexual orientation.  (Dkt. #18 at L166-191).

20      At the individual hearing on April 5, 2005, the Immigration Judge ("IJ") denied petitioner's

21  applications for relief and ordered him removed.  (Dkt. #18 at L300-305).  Petitioner timely

22  appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  On September 15, 2005,

REPORT AND RECOMMENDATION
PAGE -2

01   the BIA affirmed the IJ's decision and dismissed petitioner's appeal. (Dkt. #18 at L350-51). On

02   October 12, 2005, petitioner filed a Petition for Review and a Motion for Stay of Removal with

03   the Ninth Circuit Court of Appeals. (Dkt. #18 at L345-49, L-335-36). The Ninth Circuit

04   subsequently entered a temporary stay of removal pendente lite. (Dkt. #18 at R121-122).

05   Petitioner's petition remains pending in the Ninth Circuit.

06        On February 8, 2006, petitioner was taken into custody by ICE at the Multnomah County

07   Probation Office, and was subsequently transferred to the Northwest Detention Center in Tacoma,

08   Washington. (Dkt. #18 at R84-85). On or about February 1, 2006, ICE conducted a custody

09   review of petitioner's case. (Dkt. #18 at R104-111). By letter dated February 9, 2006, ICE Field

10   Office Director A. Neil Clark declined to release petitioner, stating that, "pursuant to the authority

11   contained in section 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241

12   of the Code of Federal Regulations, I have determined that you shall continue to be detained in

13   the  custody of ICE pending the result of your appeal before the Ninth Circuit Court of Appeals."

14   (Dkt. #18 at R113).

15        On May 31, 2006, petitioner filed the instant habeas petition. (Dkt. #6). On July 10, 2006,

16   respondents filed a Return and Cross-Motion to Dismiss. (Dkt. #16). Petitioner filed his response

17   on July 21, 2006. (Dkt. #19). Respondents filed their reply on August 4, 2006. (Dkt. #20). The

18   petition and cross-motion to dismiss are now ready for review.[1]

19   ————————————

20       [1] The Court notes that respondents originally submitted that the petitioner's habeas petition
should be dismissed because the petition is not a "short plain statement" of petitioner's claim
because it seems to argue the facts of someone else's case, and it is 88 pages long. (Dkt. #16 at

21   4-5). Petitioner's response to respondents' motion to dismiss, however, provides more details of
his own case and is significantly shorter. (Dkt. #19). Accordingly, respondents do not contest

22   that petitioner has now satisfied the objectives of Federal Rule of Civil Procedure 8, as applied to

REPORT AND RECOMMENDATION
PAGE -3

01                              III.  <u>DISCUSSION</u>

02          A.  <u>Detention Provisions</u>

03          Respondents argue that once an administratively final order of removal has been entered,

04   detention shifts from INA § 236, 8 U.S.C. § 1226, to INA § 241(a), 8 U.S.C. § 1231(a).  (Dkt.

05   #16 at 6).  Respondents contend that petitioner's order of removal became administratively final

06   in this case upon the BIA's denial of his appeal, and thus petitioner is detained pursuant to Section

07   241. *Id.*

08          INA § 236 provides the framework for the arrest, detention, and release of aliens in

09   removal proceedings.  INA § 236, 8 U.S.C. § 1226.  Once removal proceedings have been

10   completed, detention and release of the alien shifts to INA § 241, 8 U.S.C. § 1231.  The

11   determination of when an alien becomes subject to detention under Section 241 rather than

12   Section 236 is governed by Section 241(a)(1).  Section 241(a)(1)(B) provides:

13          The <u>removal period</u> begins on the <u>*latest*</u> of the following:

14                 (i) The date the order of removal becomes administratively final.

15                 (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of</u>
                   <u>the removal of the alien, the date of the court's final order</u>.

16
                   (iii) If the alien is detained or confined (except under an immigration process),
17                 the date the alien is released from detention or confinement.

18   8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Accordingly, pursuant to Section 241(a)(1)(B)(ii),

19   where a court issues a stay of removal pending its review of an administrative removal order, the

20   alien continues to be detained under Section 236 until the court renders its decision.      *See*

21   _____

22   *pro se* petitioners.  (Dkt. #20 at 2).

REPORT AND RECOMMENDATION
PAGE -4

01    *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004)(holding that the

02    "removal period" begins on the latest of the following: the date the order of removal becomes

03    administratively final, or, if the removal order is judicially reviewed and if a court orders a stay of

04    the removal of the alien, the date of the court's final order.); *see also Wang v. Ashcroft*, 320 F.3d

05    130, 147 (2d Cir. 2003); *Clavis v. Ashcroft*, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003)("Because

06    the Court entered a temporary stay of deportation, up to this point petitioner has remained in INS

07    custody pursuant to Section 236."); *Milbin v. Ashcroft*, 293 F. Supp. 2d 158, 161 (D. Conn.

08    2003)("Until this decision is filed, Milbin continues to be subject to mandatory detention under

09    § 236(c), as this Court's stay order . . . remains in effect."). Here, the Ninth Circuit has issued a

10    stay of removal pending its review of petitioner's administrative removal order. "Because

11    Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA

12    decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained

13    pursuant to INA § 236." *Quezada-Bucio*, 317 F. Supp 2d at 1224.

14        B. <u>Mandatory Detention</u>

15        Alternatively, respondents argue that even if petitioner's detention is governed by INA §

16    236, he is properly detained pursuant to the mandatory detention provision found in Section

17    236(c)(1)(B) because petitioner was convicted of an aggravated felony. (Dkt. #16 at 11). That

18    statute states, in part, as follows:

19        The Attorney General shall take into custody any alien who . . .

20            (B) is deportable by reason of having committed any offense covered in
                 section 237(a)(2)

21            . . .

22            <u>when the alien is released</u>, without regard to whether the alien is released on
                 parole, supervised release, or probation, and without regard to whether the

REPORT AND RECOMMENDATION
PAGE -5

01        alien may be arrested or imprisoned again for the same offense.

02    INA § 236(c)(1), 8 U.S.C. § 1226(c)(1) (emphasis added).  Petitioner argues that he is not subject

03    to mandatory detention under INA § 236(c) because he was not taken into immigration custody

04    immediately upon his release from state custody as required by the express language of the

05    statute.[2]  (Dkt. #6 at 15-18; Dkt. #19 at 16).  In support of his argument, petitioner cites two

06    decisions from this Court which found that, under the plain meaning of the statute, mandatory

07    detention does not apply to criminal aliens if they are not taken into immigration custody

08    immediately after being released from state custody.  *See Quezada-Bucio,* 317 F. Supp. 2d at

09    1228; *Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997).

10        Respondents argue that the Court's decisions in *Quezada-Bucio* and *Pastor-Camarena*

11    were wrongly decided, and that the Court should not follow them.  Respondents argue that the

12    BIA has rejected the interpretation of Section 236(c) that petitioner advances here, finding instead

13    that Section 236(c) applies to criminal aliens, such as petitioner, who were released from

14    incarceration before being taken into ICE custody.  *In re Padilla-Vargas*, 2004 WL 2943509 (BIA

15    2004); *In re Rojas*, 23 I & N Dec. 117, 125 (BIA 2001); *In re Nobles*, 21 I & N Dec. 672 (BIA

16    1997).  Respondents contend that this Court should give deference to the BIA decisions.  (Dkt.

17    #16 at 11-12).  The Court disagrees with respondents.

18        The phrase "when the alien is released" has been the subject of statutory interpretation in

19    several previous cases, including two published decisions by this Court.  *See Quezada-Bucio,* 317

20

21        [2]  Although petitioner cites the facts of someone else's case, it appears from the
     administrative record that petitioner was detained sometime after his release from state custody.
22    (Dkt. #18 at R84-85).

REPORT AND RECOMMENDATION
PAGE -6

01    F. Supp. 2d at 1228;   *Pastor-Camarena v. Smith*, 977 F. Supp. at 1415; *see also Boonkue v.*

02    *Ridge*, 2004 WL 1146525 (D. Or. 2004); *Alikhani v. Fasano,* 70 F. Supp. 2d 1124 (S.D. Cal.

03    1999); *Alwady v. Beebe,* 43 F. Supp. 2d 1130 (D. Or. 1999); *Velasquez v. Reno,* 37 F. Supp. 2d

04    663 (D.N.J. 1999); *Tenrreiro v. Ashcroft*, 2004 WL 1354277, *vacated and transferred*, 2004 WL

05    1588217 (D. Or. 2004).  In *Quezada-Bucio*, this Court determined that "the mandatory detention

06    statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody

07    several months or several years after they have been released from state custody."   *Quezada-*

08    *Bucio*, 317 F. Supp. 2d at 1231 (finding that petitioner who was released from state custody and

09    was not taken into immigration custody until three years later was not subject to mandatory

10    detention under INA § 236(c)); *see also Pastor-Camarena*, 977 F. Supp. at 1417 (holding that

11    the plain meaning of the statute indicates that INA § 236(c) applies to aliens immediately after

12    release from custody, and not to aliens released many years earlier).  As the Court previously

13    explained,

> 14    'the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory
> 15    detention to apply to aliens at any time after they were released, it could easily have
> 16    used the language ' *after* the alien is released," 'regardless of when the alien is released,' or other words to that effect.  Instead Congress chose to use the word
> 17    'when,' which connotes a much different meaning.

18    *Quezada-Bucio*, 317 F. Supp. 2d at 1230.  The Court finds, as in *Quezada-Bucio*, that Congress

19    intended mandatory detention to apply only to those aliens taken into immigration custody

20    immediately after their release from state custody.  *Id.*

21      The Court also disagrees with respondents that the BIA's decision in *In re Rojas*, 23 I &

22    N Dec. 117 (BIA 2001), and its progeny should be accorded deference.  The United States

REPORT AND RECOMMENDATION
PAGE -7

01 Supreme Court has held that the federal courts should defer to an agency decision only if the

02 statute, "applying the normal 'tools of statutory construction,' [is] ambiguous." *INS v. St. Cyr*,

03 533 U.S. 289, 320 n.45, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001)(citing *Chevron, U.S.A., Inc.*

04 *v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9, 104 S. Ct. 2778, 81 L. Ed.

05 2d 694 (1984)).  As determined above, the plain language of Section 236(c) is not ambiguous.

06    Accordingly, the Court agrees with petitioner that mandatory detention is not authorized

07 in petitioner's case by Section 236(c) because he was not taken into immigration custody when

08 he was released from state custody as required by the express language of the statute. *Quezada-*

09 *Bucio*, 317 F. Supp. 2d at 1231; *Pastor-Camarena*, 977 F. Supp. at 1417.  The Court also agrees

10 that petitioner is entitled to an individualized bond hearing pursuant to the general release terms

11 of INA § 236(a).

12 IV.  <u>CONCLUSION</u>

13    For the foregoing reasons, I recommend that petitioner's habeas petition be GRANTED,

14 and that respondents' cross-motion to dismiss be DENIED.  A proposed Order accompanies this

15 Report and Recommendation.

16    DATED this <u>16th</u> day of October, 2006.

17

18                   Mary Alice Theiler
                  United States Magistrate Judge

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -8